```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SAM SAMAAN,                         :
                                    :
                Plaintiff,          :
                                    :    18 Civ. 9221 (VM)
    - against -                     :
                                    :    DECISION AND ORDER
CITY OF NEW YORK, et al.,           :
                                    :
                Defendants.         :
------------------------------------X
```
**VICTOR MARRERO**, **United States District Judge**.

Plaintiff Sam Samaan ("Samaan") brings this action against defendants Robert D'Allessio, James Corral, Geoffrey Eisele, Matthew Millner, and Leonid Miller (collectively, the "Individual Defendants") and the City of New York ("City"), alleging violations of 42 U.S.C. Sections 1981 and 1983 and various New York state laws. (See "Amended Complaint," Dkt. No. 11.) Now before the Court is a letter submitted by counsel for the City on behalf of the Individual Defendants, requesting leave to file a motion to dismiss the Amended Complaint for insufficient service of process on the Individual Defendants. The Court now construes such letter as a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"). (See

"Motion," Dkt. No. 22.)[1] For the reasons set forth below, the Motion is DENIED.

## I. BACKGROUND

The facts relevant to resolution of the Motion arise primarily from the procedural history of this case. The City first removed this case to federal court on October 9, 2018, based on Samaan's inclusion of federal causes of action. (See Dkt. No. 1.) No counsel entered an appearance for Individual Defendants at the time of removal, and Samaan did not file proof of service on ECF upon the City's removal. Samaan subsequently filed the Amended Complaint on December 10, 2018, though he again did not file proof of service on ECF promptly thereafter. In January of 2019, Samaan and the City engaged in letter briefing regarding the City's proposed motion to dismiss the action for failure to state a claim. (See Dkt. Nos. 12-13.)

On April 24, 2019, the Court held a telephone conference to address the City's proposed motion to dismiss for failure to state a claim. (See Dkt. Minute Entry dated Apr. 24, 2019.) While the Court agreed with the City's arguments that 42 U.S.C. Section 1983 has a three year statute of limitations, the Court indicated that fact alone

---

[1] Kapitalforeningen Lægernes Invest v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (Mem.) (affirming district court ruling deeming exchange of letters as motion to dismiss).

would not merit dismissal of the action because Samaan alleged acts of discrimination that occurred as late as 2018. The Court similarly indicated that it was not persuaded by the City's other arguments regarding the failure to state a claim. During this telephone conference, counsel for the City raised the concern that Samaan did not sufficiently serve process on the Individual Defendants. The Court declined to rule on the issue during the teleconference. Samaan filed proof of service as to all five of the Individual Defendants on the same day (see Dkt. Nos. 16-20), and the City filed an answer on its own behalf on April 30, 2019. (See Dkt. No. 21.)

By letter dated April 29, 2019, counsel for the City requested leave to file a motion to dismiss the Amended Complaint as against the Individual Defendants for insufficient service of process under Rule 12(b)(5). (See Motion.) The City argued primarily that because Samaan allegedly served Individual Defendants in November 2018 but only filed proof of service on April 24, 2019, Samaan clearly exceeded the twenty days to file proof of service specified by New York state law. The City added that this defect was jurisdictional, warranting dismissal. The City additionally raised three other arguments for dismissal

under Rule 12(b)(5): that Individual Defendants never received Samaan's complaint and that the individual who purportedly received process did not exist; that two of the Individual Defendants, Robert D'Allessio and James Corral, did not work at the location where service was effected; and that Samaan served only his initial complaint on Individual Defendants, and not the Amended Complaint.

After mediation failed, Samaan opposed the Motion by way of a status update on March 27, 2020. (See Dkt. No. 29.) Samaan argued that failure to timely file proof of service is not jurisdictional, but merely a procedural irregularity that can be corrected by later filing.

On May 7, 2020, the City responded to the Court's request for a status update and reiterated by reference its position as set forth in the Motion. (See Dkt. No. 31.)

Samaan replied in further opposition to the Motion on May 12, 2020, reiterating his arguments regarding the twenty-day limit for filing proof of service and adding that Individual Defendants' other arguments regarding the sufficiency of service were too conclusory to overturn the presumption of validity accorded to affidavits of service. (See Dkt. No. 33.)

## II. LEGAL STANDARDS

A. SERVICE OF PROCESS

Rule 12(b)(5) allows a court to dismiss a complaint for "insufficient service of process." Service of process is in turn governed by Federal Rule of Civil Procedure 4 ("Rule 4"). Rule 4(e) provides in relevant part that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Samaan purported to serve process pursuant to New York C.P.L.R. Section 308(2) ("Section 308(2)"), which provides in relevant part for service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business." The statute also specifies that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of . . . such delivery." Section 308(2).

B. JUDICIAL ACTION UPON INSUFFICIENT SERVICE OF PROCESS

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice

5

against that defendant or order that service be made within a specified time." Rule 4 is "to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice," and it disfavors dismissal if "it appears that proper service may still be obtained." Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks and emphasis omitted).

### III. DISCUSSION

The parties' main dispute regards Samaan's failure to file proof of service within the twenty-day timeframe specified by Section 308(2); while Individual Defendants claim this defect is jurisdictional and warrants dismissal, Samaan claims that it is a procedural irregularity that may be cured. The New York Court of Appeals does not appear to have definitively resolved this dispute, and federal courts in New York have split on the issue. Compare Pope v. Rice, No. 04 Civ. 4171, 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005) (citing Roth v. Syracuse Housing Auth., No. 2001-5404, 2002 WL 31962630, at *12 (N.Y. Sup. Ct. July 17, 2002) for the proposition that the language of Section 308(2) "confers jurisdictional import") with Leung v. N.Y. Univ., No. 08 Civ. 5150, 2016 WL 1084141, at *8 n.8

(S.D.N.Y. Mar. 17, 2016) (finding that failure to file proper proof of service under Section 308(2) is a procedural irregularity).

The Court is persuaded that Samaan's interpretation is the better one. The most recent case law on the subject reflects the Appellate Division of the New York Supreme Court's consistently repeated observation that "[t]he failure to file proof of service [under Section 308] is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to C.P.L.R. 2004." Khan v. Hernandez, 996 N.Y.S.2d 667, 668 (N.Y. App. Div. 2d Dep't 2014); see also, e.g., Deb v. Hayut, 97 N.Y.S.3d 662, 663-64 (N.Y. App. Div. 2d Dep't 2019); Zheleznyak v. Gordon & Gordon, P.C., 105 N.Y.S.3d 890, 891 (N.Y. App. Div. 2d Dep't 2019); see also Michalski v. Home Depot, Inc., 225 F.3d 113, 116 (2d Cir. 2000) (instructing that decisions of New York State's Appellate Division are "helpful indicators" of how the New York Court of Appeals would rule and consequently merit proper regard). Because Samaan filed proof of service as to all five of the Individual Defendants on the same day that counsel raised the issue by teleconference before this

Court, the Court concludes that dismissal of the Amended Complaint on this basis would not be appropriate.

The other grounds pressed by the Individual Defendants do not warrant dismissal, either. Individual Defendants claim that they did not receive the complaint and that the individual described in Samaan's affidavits of service was not an employee at the location where process was served, but their claims are alleged in too conclusory a fashion to rebut the presumption of validity that attaches to affidavits of service. See LaSalle Bank N.A. v. Calle, 61 N.Y.S.3d 104, 105 (N.Y. App. Div. 2d Dep't 2017). "The mere denial of receipt of the summons and complaint, without factual detail, is insufficient" to rebut the presumption, as is a defendant's "bare statement in an affidavit that he did not know the person of suitable age and discretion described in the affidavit of service." Id. at 105–06.[2]

The strongest ground for dismissal advanced by Individual Defendants is that neither Robert D'Allessio nor James Corral was employed by the City department where Samaan served process, such that Samaan did not serve those

---

[2] The Court recognizes that Individual Defendants might be able to challenge the presumption of validity that attaches to affidavits of service if they presented a sworn, specific, and detailed contradiction of the allegations contained in the affidavits of service. See HMC Assets, LLC v. Dhanani, 102 N.Y.S.3d 655, 657 (N.Y. App. Div. 2d Dep't 2019). However, the Court would nevertheless decline to dismiss the Amended Complaint for the reasons discussed further below.

particular defendants at their "actual place of business." See Section 308(2). Case law suggests that Samaan's service may thus be defective at least as to these two defendants. See, e.g., Leung, 2016 WL 1084141, at *5-8.

Even if Samaan's service was defective as to any of the Individual Defendants, though, the Court would nonetheless deny the Motion in its discretion. There are several reasons favoring denial of the Motion. First, "it appears that proper service may still be obtained"; because the statute of limitations on Samaan's federal claims will run into 2021, he could readily refile suit against the Individual Defendants upon dismissal without prejudice. Romandette, 807 F.2d at 311. Second, Individual Defendants have actual notice of the suit, and they would not suffer substantial prejudice from an extension of time given the early procedural posture of the case and Samaan's ability to properly serve them regardless. And even if Samaan refiled his case against Individual Defendants in state court, the City would nevertheless remain in this action and thus occasion duplicative litigation. Finally, any procedural defects on Samaan's part appear justifiably excusable under the circumstances, considering that Samaan promptly cured one such defect by filing proof of service

9

shortly after the teleconference where counsel for the City raised the possibility of insufficient service.

The Court will accordingly deny the Motion and instead order that defendants Geoffrey Eisele, Matthew Millner, and Leonid Miller answer the Amended Complaint within thirty days of the entry of this Order. See Khan, 996 N.Y.S.2d at 668. The Court will further direct Samaan to serve the Amended Complaint on defendants Robert D'Allessio and James Corral and file proof of service within thirty days of the entry of this Order. See Ting Qiu Qiu v. Shanghai Cuisine, Inc., No. 18 Civ. 5448, 2020 WL 2115409, at *4 (S.D.N.Y. May 4, 2020).

## IV.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendants Robert D'Allessio, James Corral, Geoffrey Eisele, Matthew Millner, and Leonid Miller to dismiss (Dkt. No. 22) the Amended Complaint of plaintiff Sam Samaan ("Samaan") (Dkt. No. 11) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is **DENIED**. It is further

**ORDERED** that defendants Geoffrey Eisele, Matthew Millner, and Leonid Miller answer the Amended Complaint

shortly after the teleconference where counsel for the City raised the possibility of insufficient service.

The Court will accordingly deny the Motion and instead order that defendants Geoffrey Eisele, Matthew Millner, and Leonid Miller answer the Amended Complaint within thirty days of the entry of this Order. See Khan, 996 N.Y.S.2d at 668. The Court will further direct Samaan to serve the Amended Complaint on defendants Robert D'Allessio and James Corral and file proof of service within thirty days of the entry of this Order. See Ting Qiu Qiu v. Shanghai Cuisine, Inc., No. 18 Civ. 5448, 2020 WL 2115409, at *4 (S.D.N.Y. May 4, 2020).

## IV.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendants Robert D'Allessio, James Corral, Geoffrey Eisele, Matthew Millner, and Leonid Miller to dismiss (Dkt. No. 22) the Amended Complaint of plaintiff Sam Samaan ("Samaan") (Dkt. No. 11) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is **DENIED**. It is further

**ORDERED** that defendants Geoffrey Eisele, Matthew Millner, and Leonid Miller answer the Amended Complaint

within thirty days of the entry of this Order; and it is further

**ORDERED** that Samaan serve the Amended Complaint on defendants Robert D'Allessio and James Corral, and file proof of such service, within thirty days of the entry of this Order; and it is further

**ORDERED** that defendants Robert D'Allessio and James Corral answer the Amended Complaint within thirty days after corrected service by Samaan.

**SO ORDERED.**

Dated:   New York, New York
         10 June 2020

                                    Victor Marrero
                                    U.S.D.J.